**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KENYON ALLEN COLLINS, THOMAS WADE CHRISMAN, JOSEPH MARTIN, INEZ CONGERY, EDWARD COLLINS, ERIC GUM, DENNIS PETERSON, PAUL SMITH, RICKY HUTCHINSON, DIANA SMITHSON, BRANDI KIRKMAN, SEAN SIMPSON, MARY THOMPSON, PRISCILLA ROPER, RICARDO DONATO, CHARLES MELVIN, DENNIS BAUGHMAN, JANN LORD, TERRI NIELSEN, ANNETTE MITCHELL, SCOTT GIARD, BOB YODER, CAITLIN CHESLAWSKI, FRANKLIN FLETCHER, CHARLEY FRAGA, JIMMY MORELAND, STEPHANIE OVERTON, JANKIE SAMMY, LEON THOMAS, CYNTHIA CLARK, URSULA FOLEY, SUSAN GIBSON, LYNDA KEMPF, TERESA PARLSEY, GEORGE RAPPLEYE, CANDACE RICKSON, JACK THURMAN, TODD JOHNSON, MARLA SPREADBURY, JOSEPH ROMAN, STEPHEN LEIDY, HANI GHAITH, WILLIE MANNING, KEVIN McDONALD, KIMBERLY ADAMS, OLIN BROOME, STANLEY COOLEY, DONALD GIBSON, BRETT GUGLIELMONI, RANDAL HALBACH, ANTHONY HARRIS, RUTH HUMPHREY, DEBORAH LAFFERTY, MICHAEL PARKER, DORBETTA PITTSER, NICOLE SPIVEY, JOHNNY JOHNSON, as the surviving spouse and wrongful death beneficiary of ANNIE JOHNSON, deceased, ROBIN SATCHELL, LORIE BASTEDO, ANGELA JONES, VIRGINIA KING, and KIMBERLY HANDZEL,<br><br>    Plaintiffs,<br><br>v.<br><br>COOK GROUP INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, f/k/a COOK MEDICAL INCORPORATED, WILLIAM COOK EUROPE, APS,<br><br>    Defendants. | Case No. _____<br>No. 1622-CC00337<br>Div. 1 (St. Louis City)<br><br>JURY TRIAL DEMANDED |

1

<u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332, 1441(b), 1446, and 1453 Defendants Cook Group Incorporated, Cook Incorporated, Cook Medical LLC, f/k/a Cook Medical Incorporated, and William Cook Europe, ApS (collectively, "Cook"), by their undersigned attorneys, hereby remove this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis (the "Missouri State Court"), to the United States District Court for the Eastern District of Missouri, Eastern Division.

I.   **INTRODUCTION**

   A.   **NATURE OF THE CASE**

   1.   This is a medical device product liability action. *See* Exhibit 1, Third Amended Petition ("Petition"). Plaintiffs claim that they suffered injuries arising out of the implantation of Cook inferior vena cava filters ("IVC Filters") in different states at different times. *Id*. at ¶¶ 1 - 63.

   2.   Plaintiffs allege that Cook designed, manufactured, and sold the IVC Filters, and have set forth causes of action against Cook for negligence, strict products liability, breach of warranty, negligent misrepresentation and fraud. *See, e.g.*, *id*. at ¶¶ 70-71, 123-216.

   B.   **AN MDL EXISTS INVOLVING THE SAME PRODUCTS AND CLAIMS**

   3.   Beginning in 2013, Plaintiffs who are largely represented by the same counsel as in the present case, filed federal court actions making nearly identical claims against Cook arising out of the IVC Filters.

   4.   On October 15, 2014, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ("JPML") determined that centralization was appropriate for these actions and began transferring Cook IVC Filter cases to the Honorable Chief Judge Richard L. Young of the United States District Court for the Southern District of Indiana for coordinated or

consolidated pretrial proceedings. Presently, there are hundreds of federal court cases currently pending before Honorable Chief Judge Richard L. Young involving the very Cook IVC Filters at issue in this case, including nearly identical claims and substantially identical counsel as in this case. *See, e.g., In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570 (J.P.M.L. Oct. 15, 2014) (ECF No. 29) (initial transfer order).

5.  Plaintiffs' counsel in this very case, as well as the *Halinski* Case, defined below, ***moved for the creation of those proceedings in 2014***. *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (J.P.M.L July 21, 2014) (ECF No. 1) (Motion to Transfer with Brief in Support of Ben C. Martin, Esq.); *In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2570 (J.P.M.L Aug. 22, 2014) (ECF No. 19) (Reply to Response to Motion to Transfer of Ben C. Martin, Esq.).

      **C.**     **THE RECENTLY FILED MISSOURI STATE COURT CASES**

6.  On or about February 12, 2016, six apparently unrelated plaintiffs filed this action, making the same claims arising from Cook IVC Filters, in the Missouri State Court in a civil action styled *Collins, et al. v. Cook Group Incorporated, et al.*, Case No. 1622-CC00337 (the "*Collins* Case"). Plaintiffs filed amended petitions on May 6, 2016, August 15, 2016, and August 23, 2016, joining an additional 56 plaintiffs for a total of 62 individuals from 31 different states.[1] Only three Plaintiffs in this case allege a connection to Missouri.

---

[1] Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, South Carolina, South Dakota, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming.

7.  Less than one week later, on or about February 17, 2016, five apparently unrelated plaintiffs filed yet another product liability action involving Cook IVC Filters in the same Missouri State Court in a civil action styled *Halinski, et al. v. Cook Group Incorporated, et al.*, Case No. 1622-CC00366 (the "*Halinski* Case"). Just as in this case, Plaintiffs filed amended petitions on May 6, 2016, August 15, 2016, and August 23, 2016, joining an additional 75 plaintiffs for a total of 80 individuals from 29 different states.[2] Only five Plaintiffs in the *Halinski* Case allege a connection to Missouri.

8.  In total, the *Halinski* and *Collins* cases involve 142 plaintiffs from 36 states, all of whom make the same allegations about Cook IVC Filters and seek identical relief from Defendants.

**D.     THE JOINING OF THE MISSOURI COURT CASES**

9.  On May 3, 2016, Plaintiffs in this case and the *Halinski* Case—through their shared counsel[3]—moved the state court for an order designating the two actions as complex cases and transferring them internally to a single general division for further proceedings pursuant to City of St. Louis Circuit Court Local Rule 6.2.4. *See* Exhibit 1, Motion to Transfer. Local Rule 6.2.4 gives the circuit court judge authority to reassign to a single general division "three or more actions pending in [the City of St. Louis] Circuit involving claims of personal injury by multiple plaintiffs against the same defendants" where "the administration of justice would be served by such reassignment."

---

[2] Alabama, Arizona, Arkansas, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, West Virginia, and Wisconsin.

[3] Counsel for Plaintiffs in this case and the *Halinski* Case are identical: Niemeyer, Grebel & Kruse, LLC, The Law Offices of Ben C. Martin, and Matthews & Associates.

10.     On December 5, 2016, over Cook's objection, the state court granted Plaintiffs' motions to transfer divisions, assigning both the *Collins* Case and the *Halinski* Case to the same judge in a single division.  *See* Exhibit 2, December 5, 2016 Missouri State Court Transfer Orders ("Transfer Orders").

11.     On December 15, 2016, the judge to whom the cases were transferred heard Cook's motions to dismiss and motions to sever based on misjoinder.  During that hearing, Plaintiffs' counsel acknowledged that they had proposed a "Bellweather [sic] process" that could "potentially" have the effect of issue and claim preclusion.  *See* Exhibit 3, December 15, 2016 Motion Hearing Transcript ("Hearing Transcript").

### E.     THE ALLEGED "INDIANA PLAINTIFF"

12.     On December 14, 2015, Cook learned that the sole alleged plaintiff in this proceeding whom Plaintiffs allege to be from Indiana is the same plaintiff who is actively litigating a duplicate case in the MDL, where he claims Illinois citizenship.  *See* Affidavit of Andrea Pierson in Support of Defendants' Notice of Removal ("Pierson Aff."), filed contemporaneously with this Notice.

### F.     REMOVAL

13.     In this circumstance, Cook has a right to have its case heard in the federal courts: "That right [of removal] is of sufficient value and gravity to be guaranteed by the Constitution and the acts of Congress. If it exists, and the Circuit Court denies its existence, and remands or refuses to remove the suit, the error is remediless, and it deprives the petitioner of his constitutional right." *See Boatman's Bank v. Fritzlen,* 135 F. 650, 655 (8th Cir. 1905); *see also In re Diet Drugs*, 220 F. Supp. 2d 414, 425 (E.D. Pa. 2002) (explaining the statutory right to remove a case based on diversity jurisdiction "emanates from Article III, Section 2 of the Constitution," and courts "must protect the right of a party to invoke it.").

14.     As set forth in more detail below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because there is federal jurisdiction on two independent grounds—(a) as an action between citizens of different states in which the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a); and (b) as a mass action under the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. § 1332(d)(11)(B)—and Cook has satisfied the procedural requirements for removal set forth in 28 U.S.C. §§ 1446 and 1453.

## II.   THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

### A.   COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PROPER PARTIES

15.     This is an action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. § 1441, in that there exists complete diversity of citizenship between the proper parties – Plaintiffs Kenyon Allen Collins, Lynda Kempf, Jack Thurman (the "Missouri Plaintiffs") and Cook – in the underlying cause of action. Plaintiff Thomas Wade Chrisman does not defeat diversity because (a) he alleges Illinois citizenship in his separate, concurrent MDL action; and (b) he has been fraudulently joined and misjoined. As such, his claim should be severed from the Missouri Plaintiffs' action and his alleged Indiana citizenship disregarded here. Finally, the amount in controversy as between each plaintiff and Cook exceeds the sum or value of $75,000, exclusive of interest and costs.

#### 1.   CITIZENSHIP OF THE PARTIES

16.     28 U.S.C. § 1441 provides that removal based on diversity jurisdiction is proper "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

17.     Cook Group Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes is a citizen of Indiana.

6

18. Cook Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes is a citizen of Indiana.

19. Cook Medical LLC, f/k/a, Cook Medical Incorporated is an Indiana limited liability company whose sole member is an Indiana corporation, and, thus, for jurisdictional purposes is a citizen of Indiana.

20. William Cook Europe, ApS is organized and based in Denmark, and, thus, for jurisdictional purposes is a citizen of a foreign state.

21. Plaintiffs Kenyon Allen Collins, Lynda Kempf, and Jack Thurman are citizens of the State of Missouri. *See* Petition, at ¶¶ 2, 34, 38. Complete diversity of citizenship exists between Cook and the Missouri Plaintiffs.

22. To the extent Plaintiffs argue that Plaintiff Thomas Wade Chrisman defeats diversity, they would be wrong. *See* Petition, at ¶¶ 3, 76. First, Plaintiff Chrisman claims citizenship *other than Indiana* to establish diversity in his concurrent MDL action and he should be estopped from asserting Indiana citizenship to defeat diversity here. Second, to the extent Plaintiffs claim he is a citizen of Indiana, Plaintiff Chrisman's claims are time-barred under Indiana law. Finally, Plaintiff Chrisman is actively pursuing duplicate litigation in the MDL. For all these reasons, his citizenship should be disregarded for purposes of establishing jurisdiction in this case.

23. The remaining Plaintiffs are citizens and residents of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Iowa, Kentucky, Louisiana, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, South Carolina, South Dakota, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming. None of the non-resident Plaintiffs claims any connection with

Missouri. *See* Petition. Complete diversity of citizenship exists between Cook and these Plaintiffs.

### 2. THE CITIZENSHIP OF THE INDIANA PLAINTIFF MUST BE DISREGARDED BECAUSE HE CLAIMS ILLINOIS CITIZENSHIP IN THE MDL

24. On December 14, 2016, Plaintiffs' counsel provided Cook's counsel with the date of birth and social security number for Plaintiff Chrisman, along with the product code and lot number of the device allegedly implanted in him. *See* Pierson Aff., at ¶ 3, Exhibit A. That identifying information is an exact match to a Thomas Chrisman who filed suit in the MDL on July 8, 2016, where he submitted a Plaintiff Profile Form, a Plaintiff Fact Sheet, medical records, and executed Authorizations to Disclose Medical Information.

25. In the MDL, Thomas Chrisman claims to be an Illinois citizen to establish the U.S. District Court for the Southern District of Indiana's jurisdiction. *See* Exhibit 4, Chrisman MDL Complaint, at pp. 1-2, 5. In this action, he claims to be an Indiana citizen in an effort to keep this case in state court. *See* Petition, at ¶¶ 3, 76 ("There is no federal subject matter jurisdiction because no federal question is raised and some of the Plaintiffs and the Defendants are citizens of the same state, i.e., Indiana.").

26. Plaintiff Chrisman is the only alleged Indiana plaintiff in this case.

### 3. ANY ALLEGED INDIANA CITIZENSHIP OF PLAINTIFF CHRISMAN MUST BE DISREGARDED BECAUSE HE IS FRAUDULENTLY JOINED

27. "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim.'" *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006) (citations omitted). "[U]nder the doctrine of fraudulent joinder, a court may engage in a limited inquiry into the merits of the case if it appears that a party has named or joined a party solely for

US.109449176.01

the purpose of defeating federal diversity jurisdiction." *Pace v. Healthlink, Inc.*, 4:09CV709 CDP, 2009 WL 4825201, at *2 (E.D. Mo. Dec. 11, 2009).

28. Missouri's borrowing statute provides "[w]henever a cause of action has been fully barred by the laws of the state, territory, or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo. Rev. Stat. § 516.190. Here, Plaintiff Chrisman now asserts that he "is a citizen of the State of Indiana." Petition, at ¶ 3. If this is untrue, diversity exists. If this is true, his claims are subject to the Indiana statute of limitations, which is two years in personal injury actions, and therefore he is fraudulently joined.[4] Ind. Code § 34-11-2-4.

29. Plaintiff Chrisman alleges that his Cook IVC Filter was implanted on February 10, 2011. According to Chrisman's discovery responses and the attached medical records he produced in the MDL, Chrisman's cause of action accrued as the diagnosis of his alleged injury on November 19, 2013 (when a CT scan revealed that his inferior vena cava was perforated and that the filter was a cause of the perforation), but no later than January 23, 2014 (when he sought a "second opinion" after becoming "concerned about the indwelling IVC filter when he saw television reports of complications related to indwelling filters"). *See* Pierson Aff., at ¶ 4, Exhibit B (Plaintiff Fact Sheet and Medical Records) (filed under seal). Therefore, the two-year statute of limitations for his claims expired in November 2015 or January 2016, at the latest. Because the instant Complaint was not filed until February 2016, all of Plaintiff Chrisman's claims are time-barred under Indiana (or Illinois) law.

30. Because his claims are time-barred, Plaintiff Chrisman is fraudulently joined to this action and this Court should disregard his alleged Indiana citizenship. *Witherspoon v. Bayer*

---

[4] The Illinois statute of limitations for personal injury actions also bars his claims. *See* 735 I.L.C.S. § 5/13-202 (two years).

US.109449176.01

*HealthCare Pharm. Inc.*, No. 4:13CV01912 ERW, 2013 WL 6069009, at *5 (E.D. Mo. Nov. 18, 2013) (holding the diversity-defeating plaintiff's claims were time barred, and thus she was fraudulently joined).

### 4. THE CITIZENSHIP OF THE INDIANA PLAINTIFF MUST BE DISREGARDED BECAUSE HE IS FRAUDULENTLY MISJOINED

31. Fraudulent joinder is found when a plaintiff pleads ***a non-viable claim*** against a party that defeats diversity jurisdiction. In contrast, fraudulent misjoinder occurs "when a plaintiff sues a diverse defendant in state court ***and joins a viable claim*** involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted, emphasis added).

32. Here, joinder of Plaintiff Chrisman's claims with those of other Plaintiffs is improper because it demonstrates an egregious and blatant attempt to thwart this Court's removal jurisdiction. While the court in *In re Prempro* concluded that it was "not clear that the joinder was so egregious and grossly improper under the [fraudulent misjoinder standards] that it warrant[ed] an adoption and application of the fraudulent misjoinder doctrine," *id.* at 624, the case at bar presents distinguishable facts pointing to a different conclusion.

33. As discussed above, the one alleged Indiana plaintiff (Chrisman) claims to be a citizen *of a state other than Indiana* in his duplicate lawsuit currently pending before the MDL. *See* Chrisman MDL Complaint.

34. Furthermore, this Court has held that the mere fact that multiple plaintiffs took the same drug and suffered the same type of injury or side effect "is not enough of a logical or factual connection to satisfy the same transaction or occurrence requirement" of Rule 20(a)(1).

10

US.109449176.01

*Boschert v. Pfizer, Inc.*, 4:08-CV-1714 CAS, 2009 WL 1383183, at *3 (E.D. Mo. May 14, 2009).

Likewise, Plaintiffs' claims here are misjoined.

35. There is also evidence that Plaintiffs' mass-filing is crafted to obfuscate serious statute of limitations problems across these cases. For example:

(i) A Vermont woman has sued on a device implanted on November 24, 2004 in New Hampshire, where the statute of limitations is three years, even though she alleges injuries on January 29, 2008. *See* Petition, at ¶ 24.

(ii) A South Carolina man has sued on a device implanted on January 23, 2010 in California, where the statute of limitations is three years, even though he alleges injuries on the date of implant. *Id*. at ¶ 47.

(iii) A Georgia man has sued on a device implanted on August 7, 2007, where the statute of limitations is two years, yet alleges injuries on August 27, 2007. *Id*. at ¶ 48.

(iv) A Florida man has sued on a device implant on February 9, 2007, where the statute of limitations is four years, yet alleges injuries on June 28, 2007. *Id*. at ¶ 22.

(v) A Connecticut man has sued on a device implanted on May 13, 2005, where the statute of limitations is three years, yet alleges injuries on March 3, 2006. *Id*. at ¶ 7.

(vi) An Iowa woman has sued on a device implanted on December 9, 2004, where the statute of limitations is two years, yet alleges injuries on February 14, 2005. *Id*. at ¶ 57.

More than one third of Plaintiffs' cases are time-barred based on the allegations in the pleadings alone, a fact clouded in their misjoinder.

36. Finally, the egregious misjoinder of Plaintiff Chrisman's claims is amplified by Plaintiffs' counsel's pursuit of this action in contravention of its own arguments for consolidation of Cook IVC Filter litigation in federal court. On July 21, 2014, the Law Office of Ben C. Martin moved the JPML seeking consolidation and coordination of Cook IVC Filter cases across the country "for pretrial proceedings [to] promote Section 1407's goals of insuring the just and efficient conduct of the actions and avoiding inconsistent or conflicting substantive

and procedural determinations." *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (J.P.M.L July 21, 2014) (ECF No. 1) (Motion to Transfer with Brief in Support of Ben C. Martin, Esq.). The Ben Martin firm admitted to the JPML that proceedings like the state court action it filed here raise the potential for conflicting rulings and are a waste of judicial resources. In addition, Plaintiffs' counsel in this case and the *Halinski* Case Ben C. Martin was ordered by Hon. Chief Judge Richard L. Young to serve as Plaintiffs' Co-Lead counsel in the MDL and a member of Plaintiffs' Executive Committee of the MDL on November 25, 2014. *See In re Cook Medical, Inc., IVC Filters Marketing, Sales Practices, and Products Liability Litigation,* MDL No. 2570 (S.D. Ind. Nov. 25, 2014) (ECF No. 51) (Case Management Plan).

37.     Here, the misjoinder of Plaintiff Chrisman's claims "reflects an egregious or bad faith intent on the part of the plaintiffs to thwart removal." *In re Prempro*, 591 F.3d at 623. For that reason, this Court should disregard Plaintiff Chrisman's citizenship for purposes of analyzing jurisdiction.

### B.     THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

38.     From the face of the Petition, it is apparent that each Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests.

39.     Diversity jurisdiction will be declined "if it appears to a legal certainty that the value of the claim is actually less than the required amount." *In re Minn. Mut. Life Ins. Co. Sales Pracs. Litig.*, 346 F.3d 380, 384 (8th Cir. 2003) (internal citations omitted).

40.     When the petition does not claim a specific amount of damages, the court may make an independent appraisal of the claim. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling personal injuries, past and

12

future medical expenses, and lost wages, even though the petition alleged that the damages were less than $75,000).

41.     In the Petition, Plaintiffs assert claims for: negligence; strict product liability – failure to warn; strict products liability – design defect; strict products liability – manufacturing defect; breach of express and implied warranty; negligent misrepresentation; fraud; medical monitoring; punitive damages. *See* Petition. Plaintiffs claim to have suffered "pain," "suffering," "emotional distress," "loss of enjoyment of life," and "other non-economic damages." *See* Petition, at ¶¶ 209, Prayer for Relief. In addition to punitive damages, Plaintiffs demand judgment in excess of $25,000. Additionally, Plaintiffs assert claims for medical expenses, out of pocket expenses, lost earnings, and future medical expenses including "regularly scheduled CT scans," endovascular intervention, cardiac catheterization, and surgeries. *See* Petition, at ¶¶ 208, 211, Prayer for Relief.

42.     Given the nature and extent of Plaintiffs' alleged injuries and damages, each Plaintiff's claim places at issue more than $75,000, exclusive of interest and costs. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling injuries and medical expenses); *see also Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (noting that punitive damages are properly considered in calculating the amount in controversy requirement).

### C. REMOVAL IS TIMELY

43.     Defendant has timely removed this action under 28 U.S.C. § 1446(b)(3) within 30 days of receiving "other paper from which it may first be ascertained that the case is one which is or has become removable." *Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1162 (8th Cir. 2013)

("The thirty-day time limit begins running when a plaintiff 'explicitly discloses' she is seeking a remedy that affords a basis for federal jurisdiction."). Specifically, Plaintiffs' counsel provided information via informal discovery on December 14, 2016, that allowed Cook to confirm that Plaintiff Chrisman is the same Thomas Chrisman actively pursuing litigation in MDL 2570, where he claims to be a citizen of a state *other than* Indiana for jurisdictional purposes, and whose claim is time-barred under Indiana law in any event. *See* Pierson Aff., at ¶ 3, Exhibit A; *see also* Chrisman MDL Complaint.

### III.   THIS CASE IS REMOVABLE AS A MASS ACTION

#### A.   JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

44.   This Court has subject matter jurisdiction over this action based on complete diversity jurisdiction alone. However, as a separate and independent basis for subject matter jurisdiction, this Court has subject matter jurisdiction under the CAFA "mass action" provision. The "mass action" provision of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(11)(B), 1453(b) provides for removal of these cases.

45.   A "mass action" is "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. §§ 1332(d)(11)(B)(i).

46.   Separate state court actions may become removable as a CAFA mass action if plaintiffs propose that the claims be tried jointly. *Atwell v. Boston Sci. Corp.*, 740 F.3d 1160, 1165 (8th Cir. 2013).

47.   A proposal for cases to be "tried jointly" can be implicit as well as explicit. Cases can be "tried jointly" even though multiple trials are held at different times. *See Atwell*, 740 F.3d at 1163 (8th Cir. 2013) ("A proposal to hold multiple trials in a single suit ... does not take the suit outside § 1332(d)(11).... A trial of 10 exemplary plaintiffs, followed by application of issue

or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly....") (quoting *Bullard v. Burlington N. Santa Fe Ry.,* 535 F.3d 759, 762 (7th Cir. 2008)).

48. Over Cook's objection, the Court granted Plaintiffs' request to assign the cases to a single division "for the administration of justice," transferring both the *Collins* Case and the *Halinski* Case to the same judge in a single division. *See* Transfer Orders.

49. On December 15, 2016, Plaintiffs' counsel acknowledged that their proposed scheduling orders, which are identical for both cases, suggested a "Bellweather [sic] process" that could "potentially" have the effect of issue and claim preclusion. *See* Hearing Transcript, at 32:25-33:8.

50. Where plaintiffs request transfer of two cases involving 142 plaintiffs before a single judge "for the administration of justice," the court grants that request and transfers both cases, and then Plaintiffs acknowledge they have proposed a "Bellweather [sic] process" that "could have issue preclusion [and] claim preclusion," they implicate the "mass action" jurisdiction of the federal courts. Just as in *Atwell*, Plaintiffs' proposal that these cases be assigned to one judge, together with their proposed bellwether process, triggers the federal courts' jurisdiction. *Atwell*, 740 F.3d at 1165 ("We disagree with the district court's conclusion that counsel's 'anticipation of a bellwether trial' was simply 'a prediction of what might happen if the judge decided to hold a mass trial.' . . . Here, counsel's statements revealed the purpose of their motions—a joint assignment in which the 'inevitable result' will be that their cases are 'tried jointly.'").

51. Moreover, Plaintiffs could have expressly limited their request to pretrial proceedings only, which Congress specifically exempted from the mass action definition. 28

U.S.C. § 1332(d)(11)(B)(ii)(IV). They did not. They confirmed that they wanted to keep the option of combined trials open. Irrespective of whether combined trials will occur, Plaintiffs have proposed more than 100 persons' claims be tried jointly because Plaintiffs in the *Collins* and *Halinski* Cases:

    (i)    filed petitions that make nearly identical allegations against Cook within a week of one another in the Missouri State Court;

    (ii)    amended their pleadings three times, on the exact same dates, to collectively add 131 plaintiffs from 36 different states,[5] 94.3% of whom are from states other than Missouri;[6]

    (iii)    sought transfer to a single judge on the same day;

    (iv)    were granted transfer in both cases to a single judge;

    (v)    proposed a bellwether process that could have issue and claim preclusion effects; and

    (vi)    rely on a distinction (that the cases involve two different Cook IVC Filters) that expressly contradicts the position their joint counsel took in arguing for (and successfully obtaining) consolidation of *all* Cook IVC Filter litigation when the MDL was formed two years ago.

    52.    Plaintiffs cannot escape federal jurisdiction and erase Cook's statutory removal rights on a technicality. This is especially true when their counsel in this very case, and in the *Halinski* Case, took the exact opposite position before the Judicial Panel on Multidistrict Litigation in 2014. As a "mass action" under 28 U.S.C. § 1332(d)(11)(B)(i), the *Collins* Case and the *Halinski* Case properly belong in the federal courts and, in particular, Cook's ongoing MDL proceedings (a result spearheaded by Plaintiffs' counsel two years ago).

---

[5] Alabama, Arizona, Arkansas, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oregon, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, and Wyoming.
[6] Of 142 plaintiffs, eight are from Missouri.

US.109449176.01

B. **MINIMAL DIVERSITY EXISTS**

53. The *Collins* Case and the *Halinski* Case also satisfy CAFA's minimal diversity requirement. Minimal diversity requires only that one plaintiff and one defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A), (d)(11)(A). Cook Group Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes, is a citizen of Indiana. Cook Incorporated is an Indiana corporation, having its principal place of business in Indiana, and, thus, for jurisdictional purposes, is a citizen of Indiana. Cook Medical LLC, f/k/a, Cook Medical Incorporated is an Indiana limited liability company whose sole member is a citizen of Indiana, and, thus, for jurisdictional purposes is a citizen of Indiana. William Cook Europe, APS is organized and based in Denmark, and is thus a citizen of a foreign state for jurisdictional purposes.

54. Plaintiffs in these two cases include citizens of various, different states where Cook is not a citizen:

   (i) In this case, Plaintiffs include alleged citizens of Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Indiana, Iowa, Kentucky, Louisiana, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Tennessee, South Carolina, South Dakota, Utah, Vermont, Virginia, Washington, Wisconsin, and Wyoming.

   (ii) In the *Halinski* Case, Plaintiffs include alleged citizens of Alabama, Arizona, Arkansas, California, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Kansas, Kentucky, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Nevada, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Virginia, West Virginia, and Wisconsin.

55. The *Collins* and *Halinski* Cases accordingly satisfy the minimal diversity requirements of CAFA.

C. **THE AMOUNT IN CONTROVERSY IS SATISFIED**

17

US.109449176.01

56. As discussed above, on the face of the Petition, it is apparent that each Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests.

57. Thus, each Plaintiffs claim meets the traditional $75,000 amount-in-controversy requirement, and these Petitions also satisfy CAFA's aggregate threshold of $5 million in controversy. See 28 U.S.C. § 1332(a)(d)(6), (d)(11)(A), (d)(11)(B)(i). Here, as indicated, each Plaintiff's claim involves an amount-in-controversy exceeding $75,000. Thus, the aggregate amount-in-controversy for the 142 Plaintiffs is more than $10,650,000.

### D. REMOVAL IS TIMELY

58. Defendant has timely removed this action under 28 U.S.C. § 1453 and § 1446(b)(3) within 30 days of the Missouri State Court's December 5, 2016, orders assigning both this case and the *Halinski* Case to the same judge in a single division, and within 30 days of Plaintiffs' December 15, 2016, acknowledgements regarding a bellwether process noted in paragraph 10 above. *See* Hearing Transcript, at 32:25-33:8.

## IV. THE REMOVAL SATISFIES ALL PROCEDURAL REQUIREMENTS.

59. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 2.03, a true and correct copy of all process and pleadings served on Cook as well as the complete file from the state court is attached hereto as Exhibit 1, which is incorporated herein by reference. Pending motions and responses to those motions are separately attached to this Notice pursuant to E.D. Mo. L.R. 2.03.

### 1. VENUE IS PROPER IN THE EASTERN DISTRICT

60. This action is being removed to the District Court of the United States for the district embracing the place where the action is pending. 28 U.S.C. § 1441(a).

### 2. FILING OF REMOVAL PAPERS

61. Pursuant to the provisions of 28 U.S.C. § 1446(d), Cook will give Plaintiffs written notice of the filing of this Notice of Removal and shall file written notice of the filing of

this Notice of Removal with the Missouri Circuit Court of the Twenty-Second Judicial Circuit, attaching as Exhibit A thereto a copy of this Notice of Removal.

WHEREFORE, Defendants Cook Group Incorporated, Cook Medical LLC, f/k/a, Cook Medical Incorporated, and William Cook Europe, ApS give notice that the matter styled as *Collins, et al. v. Cook Group Incorporated, et al.*, in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, Case No. 1622-CC00337, is removed to the United States District Court for the Eastern District of Missouri.

>Respectfully submitted,
>
>CHILDRESS AHLHEIM CARY LLC
>
>BY: ___/s/ JAMES W. CHILDRESS___
>JAMES W. CHILDRESS     # 27591
>SCOTT D. KEHLENBRINK #60891
>1010 Market Street, Suite 500
>St. Louis, MO 63101
>Phone:  (314) 621-9800
>Fax:    (314) 621-9802
>jchildress@jchildresslaw.com
>skehlenbrink@jchildresslaw.com
>
>and
>
>FAEGRE BAKER DANIELS LLP
>ANDREA ROBERTS PIERSON, *pro hac vice pending*
>JOHN JOSEPH TANNER, *pro hac vice pending*
>300 N. Meridian Street, Suite 2700
>Indianapolis, IN 46204
>Phone:  (317) 237-0300
>Fax: (317) 237-1000
>andrea.pierson@faegrebd.com
>joe.tanner@faegrebd.com
>
>*Attorneys for Defendants Cook Group Incorporated, Cook Incorporated, Cook Medical LLC f/k/a Cook Medical Incorporated, and William Cook Europe, ApS*

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on the 23rd day of December, 2016, the foregoing was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification to:

Mark R. Niemeyer
David L. Grebel
Michael S. Kruse
Niemeyer, Grebel & Kruse, LLC
10 S. Broadway, Suite 1125
St. Louis, MO 63102
niemeyer@ngklawfirm.com
grebel@ngklawfirm.com
kruse@ngklawfirm.com

Ben C. Martin
The Law Offices of Ben C. Martin
3219 McKinney Ave., Suite 100
Dallas, TX 75204
(214) 761-6614 phone
(214) 744-7590 fax
bmartin@bencmartin.com

David P. Matthews
Matthews & Associates
2509 Sackett St.
Houston, TX 77098
(713) 522-5250 phone
(713) 535-7184 fax
dmatthews@thematthewslawfirm.com

Joseph N. Williams
Riley Williams & Piatt, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: 317-633-5270
jwilliams@rwp-law.com
*Attorneys for Plaintiffs*

                __/s/ JAMES W. CHILDRESS_____