Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

KENYON ALLEN COLLINS, THOMAS WADE CHRISMAN, JOSEPH MARTIN, INEZ CONGERY, EDWARD COLLINS, ERIC GUM, DENNIS PETERSON, PAUL SMITH, RICKY HUTCHINSON, DIANA SMITHSON, BRANDI KIRKMAN, SEAN SIMPSON, MARY THOMPSON, PRISCILLA ROPER, RICARDO DONATO, CHARLES MELVIN, DENNIS BAUGHMAN, JANN LORD, TERRI NIELSEN, ANNETTE MITCHELL, SCOTT GIARD, BOB YODER, CAITLIN CHESLAWSKI, FRANKLIN FLETCHER, CHARLEY FRAGA, JIMMY MORELAND, STEPHANIE OVERTON, JANKIE SAMMY, LEON THOMAS, CYNTHIA CLARK, URSULA FOLEY, SUSAN GIBSON, LINDA KEMPF, TERESA PARLSEY, GEORGE RAPPLEYE, CANDACE RICKSON, JACK THURMAN, TODD JOHNSON, MARLA SPREADBURY, JOSEPH ROMAN, and STEPHEN LEIDY,

        Plaintiffs,

v.

COOK GROUP INCORPORATED, COOK INCORPORATED, COOK MEDICAL LLC, f/k/a, COOK MEDICAL INCORPORATED, WILLIAM COOK EUROPE, APS,

        Defendants.

Cause No. 1622-CC00337

## FIRST AMENDED PETITION

COME NOW Plaintiffs, by and through their undersigned counsel, and for their cause of action against Defendants COOK GROUP INCORPORATED; COOK INCORPORATED; COOK MEDICAL, LLC. f/k/a COOK MEDICAL INCORPORATED; and WILLIAM COOK EUROPE, APS (hereinafter collectively referred to as "Defendants" or "Cook") arising from Defendants' design, research, formulation, development, manufacture, sale, testing, marketing,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

advertising, promotion and/or distribution of the unsafe medical device Cook Gunther Tulip inferior vena cava filter ("Gunther Tulip IVC filter"), state as follows:

## INTRODUCTION

1.      Plaintiffs jointly bring this cause of action against Defendants pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure as their claims arise out of the same series of transactions and occurrences, and their claims involve common questions of law and fact.  All claims in this action relate to tortuous wrongful conduct by Defendants in the research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling of the medical device known as Cook Gunther Tulip IVC filter as set forth in further detail below.  All Plaintiffs in this action seek recovery for damages sustained in the form of personal injuries that were directly and proximately caused by such tortuously wrongful conduct by Defendants, the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and the attendant effects of Plaintiffs' personal injuries.  Each of the personal injuries at issue in this action, and all of the claims, in this action involve common legal and medical issues.

## PARTIES

2.      Plaintiff Kenyon Allen Collins is a citizen of the City of St. Louis, State of Missouri.  On or about September 23, 2013, Plaintiff Kenyon Allen Collins had a Cook Gunther Tulip IVC filter implanted in the City of St. Louis, at St. Louis University Hospital, pursuant to a doctor's order.  Plaintiff Kenyon Allen Collins has since suffered significant physical personal injuries in the City of St. Louis directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Kenyon Allen Collins suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Kenyon Allen Collins has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Kenyon Allen Collins has otherwise been damaged in a personal and pecuniary nature.

3.     Plaintiff Thomas Wade Chrisman is a citizen of the State of Indiana.  On or about February 10, 2011, Plaintiff Thomas Wade Chrisman had a Cook Gunther Tulip IVC filter implanted in the State of Indiana, pursuant to a doctor's order.  On or around April 10, 2014, Plaintiff Thomas Wade Chrisman suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Thomas Wade Chrisman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Thomas Wade Chrisman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Thomas Wade Chrisman has otherwise been damaged in a personal and pecuniary nature.

4.     Plaintiff Joseph Martin is a citizen of the State of Florida. On or about December 12, 2011, Plaintiff Joseph Martin had a Cook Gunther Tulip IVC filter implanted in the State of Pennsylvania, pursuant to a doctor's order.  On or around February 6, 2015, Plaintiff Joseph Martin suffered significant physical personal injuries directly and proximately caused by the

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Joseph Martin suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Joseph Martin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Joseph Martin has otherwise been damaged in a personal and pecuniary nature.

5.     Plaintiff Inez Congery is a citizen of the State of New Jersey.    On or about December 4, 2012, Plaintiff Inez Congery had a Cook Gunther Tulip IVC filter implanted in the State of New Jersey, pursuant to a doctor's order. On or about March 18, 2013, Plaintiff Inez Congery suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Inez Congery suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Inez Congery has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Inez Congery has otherwise been damaged in a personal and pecuniary nature.

6.     Plaintiff Edward Collins is a citizen of the State of New York.  On or about December 27, 2011, Plaintiff Edward Collins had a Cook Gunther Tulip IVC filter implanted in

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

the State of New York, pursuant to a doctor's order.  On or around March 27, 2012, Plaintiff Edward Collins suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Edward Collins suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Edward Collins has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Edward Collins has otherwise been damaged in a personal and pecuniary nature.

7.      Plaintiff Eric Gum is a citizen of the State of Connecticut.   On or about May 13, 2005, Plaintiff Eric Gum had a Cook Gunther Tulip IVC filter implanted in the State of Connecticut, pursuant to a doctor's order.  On or around March 3, 2006, Plaintiff Eric Gum suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Eric Gum suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Eric Gum has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Eric Gum has otherwise been damaged in a personal and pecuniary nature.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

8.      Plaintiff Dennis Peterson is a citizen of the State of Minnesota.  On or about August 10, 2010, Plaintiff Dennis Peterson had a Cook Gunther Tulip IVC filter implanted in the State of Minnesota, pursuant to a doctor's order.  On or around January 2015, Plaintiff Dennis Peterson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Dennis Peterson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Dennis Peterson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dennis Peterson has otherwise been damaged in a personal and pecuniary nature.

9.      Plaintiff Paul Smith is a citizen of the State of Pennsylvania.  On or about August 9, 2008, Plaintiff Paul Smith had a Cook Gunther Tulip IVC filter implanted in the State of Pennsylvania, pursuant to a doctor's order.  On or around January 20, 2008, Plaintiff Paul Smith suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Paul Smith suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Paul Smith has incurred and will incur medical expenses in the future, has

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Paul Smith has otherwise been damaged in a personal and pecuniary nature.

10.     Plaintiff Ricky Hutchinson is a citizen of the State of Florida.  On or about April 25, 2006, Plaintiff Ricky Hutchinson had a Cook Gunther Tulip IVC filter implanted in the State of Florida, pursuant to a doctor's order.  On or around June 27, 2007, Plaintiff Ricky Hutchinson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Ricky Hutchinson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Ricky Hutchinson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ricky Hutchinson has otherwise been damaged in a personal and pecuniary nature.

11.     Plaintiff Diana Smithson is a citizen of the State of Georgia.  On or about March 18, 2008, Plaintiff Diana Smithson had a Cook Gunther Tulip IVC filter implanted in the State of Georgia, pursuant to a doctor's order.  On or around April 3, 2009, Plaintiff Diana Smithson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Diana Smithson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Diana Smithson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Diana Smithson has otherwise been damaged in a personal and pecuniary nature.

12.     Plaintiff Brandi Kirkman is a citizen of the State of Tennessee.  On or about April 22, 2008, Plaintiff Brandi Kirkman had a Cook Gunther Tulip IVC filter implanted in the State of Tennessee, pursuant to a doctor's order.  On or around June 1, 2009, Plaintiff Brandi Kirkman suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Brandi Kirkman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Brandi Kirkman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Brandi Kirkman has otherwise been damaged in a personal and pecuniary nature.

13.     Plaintiff Sean Simpson is a citizen of the State of California.  On or about July 27, 2010, Plaintiff Sean Simpson had a Cook Gunther Tulip IVC filter implanted in the State of California, pursuant to a doctor's order.  On or around July 22, 2011, Plaintiff Sean Simpson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Sean Simpson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Sean Simpson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Sean Simpson has otherwise been damaged in a personal and pecuniary nature.

14.    Plaintiff Mary Thompson is a citizen of the State of Kentucky.  On or about June 29, 2011, Plaintiff Mary Thompson had a Cook Gunther Tulip IVC filter implanted in the State of Kentucky, pursuant to a doctor's order.  On or around November 9, 2011, Plaintiff Mary Thompson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Mary Thompson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Mary Thompson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Mary Thompson has otherwise been damaged in a personal and pecuniary nature.

15.    Plaintiff Priscilla Roper is a citizen of the State of South Carolina.  On or about March 31, 2004, Plaintiff Priscilla Roper had a Cook Gunther Tulip IVC filter implanted in the State of South Carolina, pursuant to a doctor's order.  On or around July 16, 2013, Plaintiff Priscilla Roper suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

and/or otherwise becoming irretrievable.  Plaintiff Priscilla Roper suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Priscilla Roper has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Priscilla Roper has otherwise been damaged in a personal and pecuniary nature.

16.    Plaintiff Ricardo Donato is a citizen of the State of New York.  On or about April 19, 2013, Plaintiff Ricardo Donato had a Cook Gunther Tulip IVC filter implanted in the State of Pennsylvania, pursuant to a doctor's order.  On or around December 19, 2013, Plaintiff Ricardo Donato suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Ricardo Donato suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Ricardo Donato has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ricardo Donato has otherwise been damaged in a personal and pecuniary nature.

17.    Plaintiff Charles Melvin is a citizen of the State of Utah.  On or about June 10, 2010, Plaintiff Charles Melvin had a Cook Gunther Tulip IVC filter implanted in the State of Arizona, pursuant to a doctor's order.  On or around April 8, 2014, Plaintiff Charles Melvin

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Charles Melvin suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Charles Melvin has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Charles Melvin has otherwise been damaged in a personal and pecuniary nature.

18.    Plaintiff Dennis Baughman is a citizen of the State of Idaho. On or about October 20, 2008, Plaintiff Dennis Baughman had a Cook Gunther Tulip IVC filter implanted in the State of Washington, pursuant to a doctor's order. On or around September 16, 2015, Plaintiff Dennis Baughman suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Dennis Baughman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Dennis Baughman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Dennis Baughman has otherwise been damaged in a personal and pecuniary nature.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

19.     Plaintiff Jann Lord is a citizen of the State of California.  On or about January 22, 2012, Plaintiff Jann Lord had a Cook Gunther Tulip IVC filter implanted in the State of California, pursuant to a doctor's order.  On or around May 1, 2012, Plaintiff Jann Lord suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Jann Lord suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Jann Lord has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jann Lord has otherwise been damaged in a personal and pecuniary nature.

20.     Plaintiff Terry Nielsen is a citizen of the State of Colorado.  On or about April 18, 2008, Plaintiff Terry Nielsen had a Cook Gunther Tulip IVC filter implanted in the State of Montana, pursuant to a doctor's order.  On or around May 1, 2010, Plaintiff Terry Nielsen suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Terry Nielsen suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Terry Nielsen has incurred and will incur medical expenses in the future, has endured and will endure

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

pain and suffering and loss of enjoyment of life, and Plaintiff Terry Nielsen has otherwise been damaged in a personal and pecuniary nature.

21.    Plaintiff Annette Mitchell is a citizen of the State of Delaware.  On or about January 5, 2015, Plaintiff Annette Mitchell had a Cook Gunther Tulip IVC filter implanted in the State of Pennsylvania, pursuant to a doctor's order.  On or around October 29, 2015, Plaintiff Annette Mitchell suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Annette Mitchell suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Annette Mitchell has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Annette Mitchell has otherwise been damaged in a personal and pecuniary nature.

22.    Plaintiff Scott Giard is a citizen of the State of Florida.  On or about February 9, 2007, Plaintiff Scott Giard had a Cook Gunther Tulip IVC filter implanted in the State of Florida, pursuant to a doctor's order.  On or around June 28, 2007, Plaintiff Scott Giard suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Scott Giard suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Scott Giard has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Scott Giard has otherwise been damaged in a personal and pecuniary nature.

23.     Plaintiff Bob Yoder is a citizen of the State of Ohio.  On or about August 27, 2010, Plaintiff Bob Yoder had a Cook Gunther Tulip IVC filter implanted in the State of Ohio, pursuant to a doctor's order.  On or around December 23, 2010, Plaintiff Bob Yoder suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Bob Yoder suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Bob Yoder has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Bob Yoder has otherwise been damaged in a personal and pecuniary nature.

24.     Plaintiff Caitlin Cheslawski is a citizen of the State of Vermont.  On or about November 24, 2004, Plaintiff Caitlin Cheslawski had a Cook Gunther Tulip IVC filter implanted in the State of New Hampshire, pursuant to a doctor's order.  On or around January 29, 2008, Plaintiff Caitlin Cheslawski suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Caitlin Cheslawski suffered these injuries and the effects attendant thereto, as a direct and proximate result

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Caitlin Cheslawski has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Caitlin Cheslawski has otherwise been damaged in a personal and pecuniary nature.

25.    Plaintiff Franklin Fletcher is a citizen of the State of Virginia. On or about September 8, 2011, Plaintiff Franklin Fletcher had a Cook Gunther Tulip IVC filter implanted in the State of Virginia, pursuant to a doctor's order. On or around November 23, 2015, Plaintiff Franklin Fletcher suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Franklin Fletcher suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Franklin Fletcher has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Franklin Fletcher has otherwise been damaged in a personal and pecuniary nature.

26.    Plaintiff Charley Fraga is a citizen of the State of Oregon. On or about September 13, 2010, Plaintiff Charley Fraga had a Cook Gunther Tulip IVC filter implanted in the State of Oregon, pursuant to a doctor's order. On or around October 22, 2014, Plaintiff Charley Fraga suffered significant physical personal injuries directly and proximately caused by the

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Charley Fraga suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Charley Fraga has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Charley Fraga has otherwise been damaged in a personal and pecuniary nature.

27.     Plaintiff Jimmy Moreland is a citizen of the State of Arkansas. On or about April 14, 2006, Plaintiff Jimmy Moreland had a Cook Gunther Tulip IVC filter implanted in the State of Arkansas, pursuant to a doctor's order. On or around August 1, 2006, Plaintiff Jimmy Moreland suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Jimmy Moreland suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Jimmy Moreland has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jimmy Moreland has otherwise been damaged in a personal and pecuniary nature.

28.     Plaintiff Stephanie Overton is a citizen of the State of Alabama. On or about October 26, 2009, Plaintiff Stephanie Overton had a Cook Gunther Tulip IVC filter implanted in

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

the State of Alabama, pursuant to a doctor's order.  On or around June 16, 2010, Plaintiff Stephanie Overton suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Stephanie Overton suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Stephanie Overton has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Stephanie Overton has otherwise been damaged in a personal and pecuniary nature.

29.     Plaintiff Jankie Sammy is a citizen of the State of Virginia.  On or about September 24, 2007, Plaintiff Jankie Sammy had a Cook Gunther Tulip IVC filter implanted in the State of Virginia, pursuant to a doctor's order.  On or around August 25, 2015, Plaintiff Jankie Sammy suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Jankie Sammy suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Jankie Sammy has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jankie Sammy has otherwise been damaged in a personal and pecuniary nature.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

30.      Plaintiff Leon Thomas is a citizen of the State of Delaware.  On or about September 14, 2012, Plaintiff Leon Thomas had a Cook Gunther Tulip IVC filter implanted in the State of Delaware, pursuant to a doctor's order.  On or around March 31, 2015, Plaintiff Leon Thomas suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Leon Thomas suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Leon Thomas has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Leon Thomas has otherwise been damaged in a personal and pecuniary nature.

31.      Plaintiff Cynthia Clark is a citizen of the State of Idaho.  On or about August 8, 2009, Plaintiff Cynthia Clark had a Cook Gunther Tulip IVC filter implanted in the State of Idaho, pursuant to a doctor's order.  On or around October 8, 2015, Plaintiff Cynthia Clark suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Cynthia Clark suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Cynthia Clark has incurred and will incur medical expenses in the future, has endured and will endure pain

18

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

and suffering and loss of enjoyment of life, and Plaintiff Cynthia Clark has otherwise been damaged in a personal and pecuniary nature.

32.     Plaintiff Ursula Foley is a citizen of the State of Virginia. On or about November 19, 2004, Plaintiff Ursula Foley had a Cook Gunther Tulip IVC filter implanted in the State of North Carolina, pursuant to a doctor's order. On or around September 25, 2015, Plaintiff Ursula Foley suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Ursula Foley suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter. As a direct and proximate result of these injuries, Plaintiff Ursula Foley has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Ursula Foley has otherwise been damaged in a personal and pecuniary nature.

33.     Plaintiff Susan Gibson is a citizen of the State of Georgia. On or about July 17, 2012, Plaintiff Susan Gibson had a Cook Gunther Tulip IVC filter implanted in the State of Georgia, pursuant to a doctor's order. On or around August 21, 2014, Plaintiff Susan Gibson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable. Plaintiff Susan Gibson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Susan Gibson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Susan Gibson has otherwise been damaged in a personal and pecuniary nature.

34.    Plaintiff Linda Kempf is a citizen of the State of Missouri.  On or about February 18, 2013, Plaintiff Linda Kempf had a Cook Gunther Tulip IVC filter implanted in the State of Missouri, pursuant to a doctor's order.  On or around June 11, 2013, Plaintiff Linda Kempf suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Linda Kempf suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Linda Kempf has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Linda Kempf has otherwise been damaged in a personal and pecuniary nature.

35.    Plaintiff Teresa Parlsey is a citizen of the State of Ohio.  On or about July 17, 2008, Plaintiff Teresa Parlsey had a Cook Gunther Tulip IVC filter implanted in the State of Ohio, pursuant to a doctor's order.  On or around March 8, 2016, Plaintiff Teresa Parlsey suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Teresa Parlsey suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Teresa Parlsey has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Teresa Parlsey has otherwise been damaged in a personal and pecuniary nature.

36.     Plaintiff George Rappleye is a citizen of the State of Utah.  On or about October 29, 2010, Plaintiff George Rappleye had a Cook Gunther Tulip IVC filter implanted in the State of Utah, pursuant to a doctor's order.  On or around October 2, 2015, Plaintiff George Rappleye suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff George Rappleye suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff George Rappleye has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff George Rappleye has otherwise been damaged in a personal and pecuniary nature.

37.     Plaintiff Candace Rickson is a citizen of the State of Arizona.  On or about January 1, 2012, Plaintiff Candace Rickson had a Cook Gunther Tulip IVC filter implanted in the State of Arizona, pursuant to a doctor's order.  On or around June 1, 2015, Plaintiff Candace Rickson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

and/or otherwise becoming irretrievable.  Plaintiff Candace Rickson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Candace Rickson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Candace Rickson has otherwise been damaged in a personal and pecuniary nature.

38.    Plaintiff Jack Thurman is a citizen of the State of Missouri.  On or about November 5, 2012, Plaintiff Jack Thurman had a Cook Gunther Tulip IVC filter implanted in the State of Missouri, pursuant to a doctor's order.  On or around January 9, 2013, Plaintiff Jack Thurman suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Jack Thurman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Jack Thurman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Jack Thurman has otherwise been damaged in a personal and pecuniary nature.

39.    Plaintiff Todd Johnson is a citizen of the State of South Dakota.  On or about July 11, 2014, Plaintiff Todd Johnson had a Cook Gunther Tulip IVC filter implanted in the State of South Dakota, pursuant to a doctor's order.  On or around December 29, 2014, Plaintiff Todd

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

Johnson suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Todd Johnson suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Todd Johnson has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Todd Johnson has otherwise been damaged in a personal and pecuniary nature.

40.    Plaintiff Marla Spreadbury is a citizen of the State of Ohio.  On or about October 25, 2005, Plaintiff Marla Spreadbury had a Cook Gunther Tulip IVC filter implanted in the State of Ohio, pursuant to a doctor's order.  On or around March 19, 2015, Plaintiff Marla Spreadbury suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Marla Spreadbury suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Marla Spreadbury has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Marla Spreadbury has otherwise been damaged in a personal and pecuniary nature.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

41.    Plaintiff Joseph Roman is a citizen of the State of New York.  On or about March 25, 2005, Plaintiff Joseph Roman had a Cook Gunther Tulip IVC filter implanted in the State of Florida, pursuant to a doctor's order.  On or around March 9, 2015, Plaintiff Joseph Roman suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Joseph Roman suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Joseph Roman has incurred and will incur medical expenses in the future, has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Joseph Roman has otherwise been damaged in a personal and pecuniary nature.

42.    Plaintiff Stephen Leidy is a citizen of the State of Virginia.  On or about July 22, 2013, Plaintiff Stephen Leidy had a Cook Gunther Tulip IVC filter implanted in the State of Virginia, pursuant to a doctor's order.  On or around December 22, 2015, Plaintiff Stephen Leidy suffered significant physical personal injuries directly and proximately caused by the aforementioned IVC filter becoming imbedded, tilting, migrating, fracturing, perforating Plaintiff, and/or otherwise becoming irretrievable.  Plaintiff Stephen Leidy suffered these injuries and the effects attendant thereto, as a direct and proximate result of the unreasonably dangerous and defective nature of the Cook Gunther Tulip IVC filter and Defendants' wrongful and negligent conduct in the research, development, testing, manufacture, production, promotion, distribution, marketing, and sale of the Cook Gunther Tulip IVC filter.  As a direct and proximate result of these injuries, Plaintiff Stephen Leidy has incurred and will incur medical expenses in the future,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

has endured and will endure pain and suffering and loss of enjoyment of life, and Plaintiff Stephen Leidy has otherwise been damaged in a personal and pecuniary nature.

43.    Defendant Cook Group Incorporated is an Indiana Corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  At all relevant times, Defendant COOK GROUP INCORPORATED and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Gunther Tulip IVC Filter medical device in St. Louis and throughout Missouri and the United States.

44.    Defendant Cook Incorporated is an Indiana Corporation with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404.  At all relevant times, Defendant COOK INCORPORATED and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Gunther Tulip IVC Filter medical device in St. Louis and throughout Missouri and the United States.

45.    Defendant Cook Medical, LLC, formerly known as Cook Medical Incorporated, is an Indiana Limited Liability Company organized under the laws of Indiana, with a principal place of business located at 750 Daniels Way, P.O. Box 489, Bloomington, Indiana 47404. Defendant Cook Medical LLC's members are corporations with a principal places of business located in Indiana or otherwise reside in and are citizens of Indiana. Accordingly, Cook Medical LLC is a citizen of Indiana for purposes of determining diversity under 28 U.S.C. § 1332   The registered agent for Cook Medical, LLC is CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101. At all relevant times, Defendant COOK MEDICAL, LLC and/or its predecessors in interest, were engaged in the business of research, designing, testing,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Gunther Tulip IVC Filter medical device in St. Louis and throughout Missouri and the United States.  Further, at all pertinent times, COOK MEDICAL, LLC is and has been licensed to do business in Missouri, and maintained a registered agent in the State of Missouri.

46.    Defendant William Cook Europe APS is based in Bjaeverskov, Denmark.  The managing director for William Cook Europe APS is Lars Milling.  His office is located at Sandetle, DK-4632, Bjaeverskov, Denmark.  At all relevant times, Defendant WILLIAM COOK EUROPE APS and/or its predecessors in interest, were engaged in the business of research, designing, testing, formulating, inspecting, labeling, manufacturing, packaging, marketing, distributing, producing, processing, promoting and selling the Gunther Tulip IVC Filter medical device in St. Louis and throughout Missouri and the United States.

47.    Hereinafter, each of the above Defendants shall be collectively referred to as "Defendants" or "Cook."  At all times alleged herein, Defendants include and included any and all parent companies, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

48.    At all times herein mentioned, each of the Defendants was the agent, servant, partner, predecessors in interest, and joint venturer of each of the remaining Defendants herein and was at all times operating and acting with the purpose and scope of said agency, service, employment, partnership, and joint venture.

49.    At all times relevant, Defendants were engaged in the business of developing, designing, licensing, manufacturing, distributing, selling, marketing, and/or introducing into

26

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

interstate commerce throughout the United States, either directly or indirectly through third parties, subsidiaries or related entities, the Gunther Tulip IVC Filter medical device.

50.    Cook develops, manufactures, sells and distributes medical devices for use in various medical applications including endovascular cardiology, and surgical products in St. Louis and throughout Missouri, the United States and around the world.  Cook's products include the Gunther Tulip Vena Cava Filter, which is used for the prevention of recurrent pulmonary embolism via placement in the vena cava.

## VENUE AND JURISDICTION

51.    All Plaintiffs herein are properly joined pursuant to Rule 52.05(a) of the Missouri Rules of Civil Procedure, as their claims all arise out of the same series of transactions or occurrences.  The claims in this case present common questions of fact and law concerning, among other things, what information Defendants possessed concerning the harmful effects of the Gunther Tulip IVC Filter, what information it disclosed to patients and physicians about those harmful effects, and what information Defendants were required by law to disclose about those harmful effects.  Plaintiffs' claims are all logically related in that all Plaintiffs claim that the Gunther Tulip IVC Filter was defectively designed, manufactured and marketed by Defendants, and that Defendants failed to provide adequate warnings regarding the dangers posed by Gunther Tulip IVC Filter use.  All Plaintiffs suffered physical personal injuries caused by the device becoming imbedded, tilting, migrating, fracturing, perforating, and/or otherwise becoming irretrievable, all of which will require ongoing monitoring, as result of the same wrongful conduct and tortuous acts by the Defendants, including, but not limited to, the Defendants' failure to conduct adequate safety and efficacy studies, the Defendants' distribution of inadequate and misleading marketing materials and literature to physicians and patients, and the lack of adequate warnings provided to physicians and patients.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

52.     Defendants' wrongful conduct and tortuous acts were done without any regard for individual Plaintiff differences.  Defendants' conduct in designing, developing, marketing, and distributing the Gunther Tulip IVC Filter relates to all Plaintiffs' claims herein and makes up a common universe of facts underlying the Plaintiffs' claims.

53.     At all pertinent times, Defendants have conducted and continue to conduct continuous and systematic business in the State of Missouri, have purposefully injected their products, including the Gunther Tulip IVC Filter, into the stream of commerce to be sold in Missouri, and have taken actions such that they should anticipate being sued in the State of Missouri.

54.     Defendants have transacted business in the State of Missouri that has given rise to this cause of action, maintained registered agents in the State of Missouri, and have committed torts in whole or in part in the State of Missouri, including torts giving rise to this action.  This includes the marketing and selling of the Gunther Tulip IVC Filter in the State of Missouri, which gave rise to this cause of action as a whole.

55.     There is no federal subject matter jurisdiction because no federal question is raised and some of the Plaintiffs and the Defendants are citizens of the same state, i.e., Indiana.

56.     Venue is proper in this Court pursuant to Mo. Rev. Stat. 508.010 because Plaintiff Kenyon Allen Collins was first injured by the Gunther Tulip IVC Filter in the City of St. Louis. Kenyon Allen Collins received implantation of a Gunther Tulip IVC Filter in the City of St. Louis at St. Louis University Hospital.  At all pertinent times, Kenyon Allen Collins used the Gunther Tulip IVC Filter in the City of St. Louis, and Plaintiff was first injured while in the City of St. Louis.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

## PLAINTIFFS' GUNTHER TULIP IVC FILTER USE

57.     All Plaintiffs were implanted with the Gunther Tulip IVC Filter by their doctors or health care providers, and they all used the Gunther Tulip IVC Filter as intended and in a foreseeable manner.  The Gunther Tulip IVC Filter used by all Plaintiffs reached them without substantial change in its condition from when it was manufactured or sold.

58.     As a direct and proximate result of implantation of the Gunther Tulip IVC Filter, the Plaintiffs developed severe, significant injuries, including injuries attendant to filter imbedding, tilting, migrating, fracturing, perforating, and/or otherwise becoming irretrievable, and monitoring therefore.

59.     Plaintiffs would not have used the Gunther Tulip IVC Filter if Defendants had properly disclosed the risks associated with the product and/or would have been adequately monitored for its side effects, and would not have suffered severe physical and personal injuries.

## TIMELINESS AND TOLLING OF STATUTES OF LIMITATIONS

60.     Plaintiffs filed this lawsuit within the applicable limitations period of first suspecting that the Gunther Tulip IVC Filter was the cause of their injuries.  Plaintiffs could not, by the exercise of reasonable diligence, have discovered the wrongful cause of their Gunther Tulip IVC Filter -induced injuries at an earlier time, because, at the time of these injuries, the cause was unknown to Plaintiffs.  Plaintiffs did not suspect, nor did Plaintiffs have reason to suspect, the cause of these injuries, or the tortious nature of the conduct causing these injuries, until less than the applicable limitations period prior to the filing of this action.

61.     Furthermore, the running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment.  Through their affirmative misrepresentations and omissions, Defendants actively concealed from Plaintiffs, and their prescribing physicians, the true risks associated with the Gunther Tulip IVC Filter.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

62.     As a result of Defendants' actions, the Plaintiffs and their prescribing and treating physicians were unaware, and could not reasonably know or learned through reasonable diligence that the Plaintiffs had been exposed to the risks alleged herein, and that those risks were the direct and proximate result of Defendants' acts and omissions.

63.     Through their affirmative misrepresentations and omissions pertaining to the safety of the Gunther Tulip IVC Filter, Plaintiffs were prevented from discovering this information sooner because the Defendants herein misrepresented and continued to misrepresent to the public and to the medical community that the drugs are safe to take, and the Defendants have fraudulently concealed facts and information that could have led Plaintiffs to discover a potential cause of action.

64.     Additionally, the economics of this fraud should be considered.  The Defendants had the ability to and did spend enormous amounts of money in furtherance of their purpose and marketing and promoting a profitable medical device, notwithstanding the known or reasonably known risks.  The Plaintiffs and their prescribing physicians could not have afforded and could not have possibly conducted studies to determine the nature, extent, and identity of a related health risk, and were forced to rely on the Defendants' misrepresentations.

## FACTUAL ALLEGATIONS

**A.**     **Nature of the Case**

65.     Plaintiffs bring this case against Defendants for damages associated with implantation of the Gunther Tulip IVC Filter medical device which was designed, manufactured, marketed, sold and distributed by Defendants.

66.     Defendants designed, researched, developed, manufactured, tested, marketed, advertised, promoted, distributed, and sold products, such as IVC filters, that are sold and marketed

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

as a temporary/retrievable device to prevent, among other things, recurrent pulmonary embolism via placement in the vena cava. Defendants' particular product at issue in this case is the Gunther Tulip IVC Filter, which is introduced into the vena cava via an 8.5 French coaxial introducer sheath system.

67.     Defendants sought Food and Drug Administration ("FDA") approval to market the Gunther Tulip IVC Filter device and/or its components under Section 510(k) of the Medical Device Amendment.

68.     Defendants obtained Food and Drug Administration ("FDA") approval to market the Gunther Tulip IVC Filter device and/or its components under section 510(k) of the Medical Device Amendment.

69.     Section 510(k) allows marketing of medical devices if the device is deemed substantially equivalent to other legally marketed predicate devices without formal review for the safety or efficacy of the said device.

70.     An IVC filter, like the Gunther Tulip IVC Filter, is a device designed to filter blood clots (called "thrombi") that would otherwise travel from the lower portions of the body to the heart and lungs. IVC filters may be designed to be implanted, either temporarily or permanently, within the vena cava.

71.     The inferior vena cava is a vein that returns blood to the heart from the lower portion of the body. In certain people, and for various reasons, thrombi travel from vessels in the legs and pelvis, through the vena cava into the lungs. Often these thrombi develop in the deep leg veins. The thrombi are called "deep vein thrombosis" or DVT. Once the thrombi reach the lungs they are considered "pulmonary emboli" or PE.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

72.    An IVC filter, like the Gunther Tulip IVC Filter, is designed to prevent thromboembolic events by filtering or preventing blood clots/thrombi from traveling to the heart and/or lungs.

73.    The Gunther Tulip IVC Filter is a retrievable filter, and is based on the Gunther Tulip Vena Cava MREYE filter (510K No.K000855).  The Gunther Tulip Vena Cava Filter was sold and marketed as a temporary/retrievable filter, and is based on the Gunther Tulip Vena Cava MREYE Filter (510K No.K000855), which is a permanent filter.

74.    The Gunther Tulip IVC Filter has four (4) anchoring struts for fixation and eight (8) independent secondary struts to improve self-centering and clot trapping.

75.    Plaintiffs were implanted with Gunther Tulip IVC Filters.

76.    Plaintiffs are at risk for future Gunther Tulip IVC Filter fractures, migrations, perforations and tilting.  Each faces numerous health risks, including the risk of death.  For the rest of Plaintiffs' lives, they will require on-going medical monitoring.

77.    At all times relevant hereto the Gunther Tulip IVC Filter was widely advertised and promoted by the Defendants as a safe and effective treatment for prevention of recurrent pulmonary embolism via placement in the vena cava.

78.    At all times relevant hereto, Defendants knew its Gunther Tulip IVC Filter was defective and knew that defect was attributable to the design's failure to withstand the normal anatomical and physiological loading cycles exerted in vivo.

79.    The Defendants failed to disclose to physicians, patients, or Plaintiffs that its Gunther Tulip IVC Filter was subject to breakage and migration or the appropriate degree of risk of perforation and damage to the vena cava wall.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

80.    At all times relevant hereto, the Defendants continued to promote the Gunther Tulip IVC Filter as safe and effective even though the clinical trials that had been performed were not adequate to support long or short term efficacy.

81.    The Defendants concealed the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Gunther Tulip IVC Filter, as aforesaid.

82.    The Gunther Tulip IVC Filter is constructed of conichrome.

83.    The Defendants specifically advertise the conichrome construction of the filter as a frame which "reduces the risk of fracture."

84.    The failure of the Gunther Tulip IVC Filter is attributable, in part, to the fact that the Gunther Tulip IVC Filter suffers from a design defect causing it to be unable to withstand the normal anatomical and physiological loading cycles exerted in vivo.

85.    At all times relevant hereto the Defendants failed to provide sufficient warnings and instructions that would have put the Plaintiffs and the general public on notice of the dangers and adverse effects caused by implantation of the Gunther Tulip IVC Filter, including, but not limited to the design's failure to withstand the normal anatomical and physiological loading cycles exerted in vivo.

86.    The Gunther Tulip IVC Filter was designed, manufactured, distributed, sold and/or supplied by the Defendants, and was marketed while defective due to the inadequate warnings, instructions, labeling, and/or inadequate testing in light of Defendants' knowledge of the products failure and serious adverse events.

87.    That at all times relevant hereto, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the aforementioned products when they knew or should have known of the hazardous and dangerous

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

propensities of the said products, and thereby actively participated in the tortuous conduct that resulted in the injuries suffered by the Plaintiffs.

## CORPORATE/VICARIOUS LIABILITY

88.    At all times herein mentioned, each of the Defendants was the agent, servant, partner, aider and abettor, co-conspirator and/or joint venturer of each of the other Defendants herein and was at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy and/or joint venture and rendered substantial assistance and encouragement to the other Defendants, knowing that their collective conduct constituted a breach of duty owed to the Plaintiff.

89.    There exists and, at all times herein mentioned, there existed a unity of interest in ownership between certain Defendants and other certain Defendants such that any individuality and separateness between the certain Defendants has ceased and these Defendants are the alter ego of the other certain Defendants and exerted control over those Defendants.  Adherence to the fiction of the separate existence of these certain Defendants as entities distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction a fraud and/or would promote injustice.

90.    At all times herein mentioned, Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing and/or advertising for sale, and selling products for use by the Plaintiffs.  As such, each Defendant is individually, as well as jointly and severally, liable to the Plaintiffs for Plaintiffs' damages.

91.    At all times herein mentioned, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production and promotion of the

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

aforementioned products when they knew, or with the exercise of reasonable care and diligence should have known, of the hazards and dangerous propensities of said products, and thereby actively participated in the tortious conduct that resulted in the injuries suffered by the Plaintiffs.

**B.**    **The Plaintiffs' Use of the Gunther Tulip IVC Filter and Resulting Injuries**

92.    By reason of the foregoing acts and omissions, Plaintiffs were caused to suffer severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, expenses for hospitalization and medical treatment, and loss of earnings, among other damages.

93.    Upon information and belief, despite life-threatening findings in a clinical trial and other clinical evidence, Defendants failed to adequately conduct complete and proper testing of the Gunther Tulip IVC Filter prior to filing their New Drug Application for the Gunther Tulip IVC Filter.

94.    Upon information and belief, from the date Defendants received FDA approval to market the Gunther Tulip IVC Filter, Defendants made, distributed, marketed, and sold the Gunther Tulip IVC Filter without adequate warning to Plaintiffs' prescribing or treating physicians or Plaintiffs that the Gunther Tulip IVC Filter was associated with and/or could cause life-threatening injuries, presented a risk of life-threatening injuries in patients who used it, and that Defendants had not adequately conducted complete and proper testing and studies of the Gunther Tulip IVC Filter with regard to severe side-effects, specifically tilting, imbedding, perforating, migrating, and fracturing.

95.    Upon information and belief, Defendants concealed and failed to completely disclose their knowledge that the Gunther Tulip IVC Filter was associated with or could cause life-threatening injury as well as their knowledge that they had failed to fully test or study said risk.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

96.     Upon information and belief, Defendants ignored the association between the use of the Gunther Tulip IVC Filter and the risk of tilting, imbedding perforating, migrating, and fracturing.

97.     Upon information and belief, Defendants failed to warn Plaintiffs and their healthcare providers regarding the need for monitoring, and failed to warn of the risk of tilting, imbedding perforating, migrating, and fracturing that may be irreversible, permanently disabling, and life- threatening, associated with the Gunther Tulip IVC Filter.

98.     Defendants' failure to disclose information that they possessed regarding the failure to adequately test and study the Gunther Tulip IVC Filter for life-threatening injury risk further rendered warnings for this medication inadequate.

99.     Defendants' fraudulent concealment and misrepresentations were designed to prevent, and did prevent, the public and the medical community at large from discovering the risks and dangers associated with the Gunther Tulip IVC Filter and Plaintiffs from discovering, and/or with reasonable diligence being able to discover, their causes of action.

100.    Defendants' fraudulent representations and concealment evidence flagrant, willful, and depraved indifference to health, safety, and welfare. Defendants' conduct showed willful misconduct, malice, fraud, wantonness, oppression, and that entire want of care that raises the presumption of conscious indifference to the consequences of said conduct.

101.    By reason of the forgoing acts and omissions, Plaintiffs have suffered damages and harm, including, but not limited to, personal injury, medical expenses, economic losses, loss of enjoyment of life, disability, and other personal and pecuniary losses.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

## COUNT I
## NEGLIGENCE

102.    Plaintiffs repeat and re-allege each and every allegation in this Petition and incorporate each allegation into this Count, as if set forth at length, in its entirety.

103.    At all times relevant to this cause of action, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, were in the business of designing, developing, manufacturing, marketing and selling sophisticated medical devices, including the Gunther Tulip IVC Filter.

104.    At all times relevant hereto, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, were under a duty to act reasonably to design, develop, manufacture, market and sell a product that did not present a risk of harm or injury to the Plaintiffs and to those people receiving the Gunther Tulip IVC Filter.

105.    At the time of manufacture and sale of the Gunther Tulip IVC Filter, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, knew or reasonably should have known the Gunther Tulip IVC Filter:

    a.    Was designed and manufactured in such a manner so as to present an unreasonable risk of fracture of portions of the device;

    b.    Was designed and manufactured so as to present an unreasonable risk of migration of the device and/or portions of the device;

    c.    Was designed and manufactured to have unreasonable and insufficient strength or structural integrity to withstand normal placement within the human body; and/or,

    d.    Was designed and manufactured so as to present an unreasonable risk of perforation and damage to the vena cava wall.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

106.    Despite the aforementioned duty on the part of the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS, they committed one or more breaches of their duty of reasonable care and were negligent in:

      a.      Unreasonably and carelessly failing to properly warn of the dangers and risks of harm associated with the Gunther Tulip IVC Filter, specifically its incidents fracture, migration, perforation and other failure;

      b.      Unreasonably and carelessly manufactured a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body;

      c.      Unreasonably and carelessly designed a product that was insufficient in strength or structural integrity to withstand the foreseeable use of normal placement within the human body; and

      d.      Unreasonably and carelessly designed a product that presented a risk of harm to the Plaintiffs and others similarly situated in that it was prone to fail.

107.    As a direct and proximate result of the Defendants' negligence, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT II
## STRICT PRODUCT LIABILITY – FAILURE TO WARN

108.    Plaintiffs repeat and re-allege each and every allegation in this Petition and incorporate each allegation into this Count, as if set forth at length, in its entirety.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

109.    Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the Gunther Tulip IVC Filter, including those implanted into Plaintiffs, into the stream of commerce and in the course of same, directly advertised and marketed the device to consumers or persons responsible for consumers.

110.    At the time Defendants designed, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the device into the stream of commerce, Defendants knew or should have known the device presented an unreasonable danger to users of the product when put to its intended and reasonably anticipated use. Specifically, Defendants knew or should have known at the time they manufactured, labeled, distributed and sold the Gunther Tulip IVC Filters, which were implanted in Plaintiffs, that the filters posed a significant risk of device failure (fracture, migration, tilting, and perforation of the vena cava wall) and resulting serious injuries.

111.    Therefore, Defendants had a duty to warn of the risk of harm associated with the use of the device and to provide adequate instructions on the safe and proper use of the device. Defendants further had a duty to warn of dangers and proper safety instructions that it became aware of even after the devices were distributed and implanted in Plaintiffs.

112.    Despite this duty, Defendants failed to adequately warn of material facts regarding the safety and efficacy of the Gunther Tulip IVC Filter, and further failed to adequately provide instructions on the safe and proper use of the device.

113.    No health care provider, including Plaintiffs', or patient would have used the device in the manner directed, had those facts been made known to the prescribing healthcare providers and/or ultimate users of the device.

114.    The health risks associated with the device as described herein are of such a nature that ordinary consumers would not have readily recognized the potential harm.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

115.    Plaintiffs and Plaintiffs' health care providers used the devices in normal, customary, intended, and foreseeable manners, namely as a surgically implanted device used to prevent pulmonary embolisms.

116.    Therefore, the Gunther Tulip IVC Filters implanted in Plaintiffs were defective and unreasonably dangerous at the time of release into the stream of commerce due to inadequate warnings, labeling and/or instructions accompanying the product.

117.    The Gunther Tulip IVC Filters implanted in Plaintiffs were in the same condition as when it they were manufactured, inspected, marketed, labeled, promoted, distributed and sold by Defendants.

118.    As a direct and proximate result of Defendants' lack of sufficient warning and/or instructions, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT III
## STRICT PRODUCTS LIABILITY-DESIGN DEFECT

119.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

120.    At all times relevant to this action, Defendants developed, tested, designed, manufactured, inspected, labeled, promoted, distributed and sold into the stream of commerce the Gunther Tulip IVC Filter, including those implanted in Plaintiffs.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

121.    The Gunther Tulip IVC Filters were expected to, and did, reach their intended consumers without substantial change in the condition in which they were in when they left Defendants' possession.  In the alternative, any changes that were made to the Gunther Tulip IVC Filters implanted in Plaintiffs were reasonably foreseeable to Defendants.

122.    The Gunther Tulip IVC Filters implanted in Plaintiffs were defective in design because they failed to perform as safely as persons who ordinarily use the product would have expected at the time of use.

123.    The Gunther Tulip IVC Filters implanted in Plaintiffs were defective in design, in that each product's risks of harm exceeded its claimed benefits.

124.    The Defendants knew that safer alternative designs were available and would have prevented or significantly reduced the risk of the injury presented by the Gunther Tulip IVC Filter and it was economically and technologically feasible at the time the filter left the control of the Defendants to prevent or reduce the risk of such a such a dangerous event by application of existing, reasonably achievable, scientific knowledge.

125.    Plaintiffs and Plaintiffs' health care providers used the Gunther Tulip IVC Filter in a manner that was reasonably foreseeable to Defendants.

126.    Neither Plaintiffs, nor Plaintiffs' health care providers could have by the exercise of reasonable care discovered the devices defective condition or perceived its unreasonable dangers prior to Plaintiffs' implantation with the devices.

127.    As a direct and proximate result of the Gunther Tulip IVC Filter's defective design, Plaintiffs have suffered and will continue to suffer serious physical injuries, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

128.    At all times relevant hereto, the Gunther Tulip IVC Filter was dangerous and presented a substantial danger to patients who were implanted with the Gunther Tulip IVC Filter

41

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

and these risks and dangers were known or knowable at the times of distribution and implantation in Plaintiffs.  Ordinary consumers would not have recognized the potential risks and dangers the Gunther Tulip IVC Filter posed to patients, because its use was specifically promoted to improve health of such patients. The Gunther Tulip IVC Filters were used by the Plaintiffs and their treating physicians in a reasonably foreseeable manner.

129.    The Defendants failed to provide warnings of such risks and dangers to the Plaintiffs and their medical providers as described herein.

130.    As a direct and proximate result of the Gunther Tulip IVC Filter's defects, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT IV
## STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT

131.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

132.    Defendants designed, set specifications, manufactured, prepared, compounded, assembled, processed, marketed, labeled, distributed, and sold the Gunther Tulip IVC Filters that were implanted into Plaintiffs.

133.    The Gunther Tulip IVC Filters implanted in Plaintiffs contained a condition, which Defendants did not intend; at the time they left Defendants' control and possession.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

134.     Plaintiffs and Plaintiffs' health care providers used the devices in a manner that was reasonably foreseeable to Defendants.

135.     As a result of this condition, the product injured Plaintiffs and failed to perform as safely as the ordinary consumer would expect when used in a reasonably foreseeable manner.

136.     As a direct and proximate result of the Gunther Tulip IVC Filter's manufacturing defect, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT V
## BREACH OF EXPRESS AND IMPLIED WARRANTY

137.     Plaintiffs repeat and re-allege each and every allegation in this Petition and incorporate each allegation into this Count, as if set forth at length, in its entirety.

138.     Plaintiffs, through their medical providers, purchased the Gunther Tulip IVC Filters from Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS.

139.     At all times to this cause of action, the Defendants COOK GROUP, INC., COOK INCORPORATED, COOK MEDICAL LLC f/k/a COOK MEDICAL, INC., and WILLIAM COOK EUROPE APS were merchants of goods of the kind including medical devices and vena cava filters (like the Gunther Tulip IVC Filter).

140.     At the time and place of sale, distribution and supply of the Gunther Tulip IVC Filters to Plaintiffs, the Defendants expressly represented and warranted that the Gunther Tulip

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

IVC Filters were safe, and impliedly warranted that the products were reasonably fit for their intended purpose and were marketable quality.

141.    At the time of Plaintiffs' purchase from Defendants, the Gunther Tulip IVC Filters were not in a merchantable condition, in that:

a.    They were designed in such a manner so as to be prone to a unreasonably high incident of fracture, perforation of vessels and organs, and/or migration;

b.    They were designed in such a manner so as to result in a unreasonably high incident of injury to the organs including the vena cava of its purchaser; and

c.    They were manufactured in such a manner so that the exterior surface of the Gunther Tulip IVC Filters were inadequately, improperly and inappropriately designed causing the device to weaken and fail.

142.    Additionally, implied warranties were beached as follows:

a.    The Defendants failed to provide the warning or instruction and/or an adequate warning or instruction which a manufacturer exercising reasonable care would have provided concerning that risk, in light of the likelihood that the Gunther Tulip IVC Filters would cause harm;

b.    The Defendants manufactured and/or sold the Gunther Tulip IVC Filters and those filters did not conform to representations made by the Defendants when it left the Defendants' control;

c.    The Defendants manufactured and/or sold the Gunther Tulip IVC Filters that were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and the foreseeable risks associated with the Gunther Tulip IVC Filters' design or formulation exceeded the benefits associated with that design.  These defects existed at the time the products left the Defendants' control; and

d.    The Defendants manufactured and/or sold the Gunther Tulip IVC Filters when they deviated in a material way from the design specifications, formulas or performance standards or form otherwise identical units manufactured to the same design specifications, formulas, or performance standards, and these defects existed at the time the products left the Defendants' control.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

143.    Further, Defendants' marketing of the Gunther Tulip IVC Filters was false and/or misleading.

144.    Plaintiffs, through their attending physicians, relied on these representations in determining which IVC filter to use for implantation in the Plaintiffs.

145.    Defendants' filters were unfit and unsafe for use by users as it posed an unreasonable and extreme risk of injury to persons using said products, and accordingly Defendants breached their expressed warranties and the implied warranties associated with the products.

146.    The foregoing warranty breaches were a substantial factor in causing Plaintiffs' injuries and damages as alleged.

147.    As a direct and proximate result of the Gunther Tulip IVC Filter's defects, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

148.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

149.    At all times relevant to this cause, and as detailed supra, Defendants negligently provided Plaintiffs, Plaintiffs' health care providers, and the general medical community with false or incorrect information, or omitted or failed to disclose material information concerning the

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

Gunther Tulip IVC Filter, including, but not limited to, misrepresentations relating to the following subject areas:

    a.    The safety of the Gunther Tulip IVC Filter;

    b.    The efficacy of the Gunther Tulip IVC Filter;

    c.    The rate of failure of the Gunther Tulip IVC Filter; and

    d.    The approved uses of the Gunther Tulip IVC Filter.

150. The information distributed by Defendants to the public, the medical community and Plaintiffs' health care providers was in the form of reports, press releases, advertising campaigns, labeling materials, print advertisements, commercial media containing material representations, which were false and misleading, and contained omissions and concealment of the truth about the dangers of the use of the Gunther Tulip IVC Filter. Defendants made the foregoing misrepresentations knowing that they were false or without reasonable basis. These materials included instructions for use and warning documents that were included in the packages of the Gunther Tulip IVC Filters that were implanted in Plaintiffs.

151. Defendants' intent and purpose in making these misrepresentations was to deceive and defraud the public and the medical community, including Plaintiffs' health care providers; to gain the confidence of the public and the medical community, including Plaintiffs' health care providers; to falsely assure them of the quality of the Gunther Tulip IVC Filter and its fitness for use; and to induce the public and the medical community, including Plaintiffs' healthcare providers to request, recommend, prescribe, implant, purchase, and continue to use the Gunther Tulip IVC Filter.

152. The foregoing representations and omissions by Defendants were in fact false. The Gunther Tulip IVC Filter is not safe, fit, and effective for human use in its intended and reasonably foreseeable manner. The use of the Gunther Tulip IVC Filter is hazardous to the user's health, and

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

said device has a serious propensity to cause users to suffer serious injuries, including without limitation, the injuries Plaintiffs suffered.

153.    In reliance upon the false and negligent misrepresentations and omissions made by Defendants, Plaintiffs and Plaintiffs' health care providers were induced to, and did use the Gunther Tulip IVC Filter, thereby causing Plaintiffs to sustain severe and permanent personal injuries.

154.    Defendants knew and had reason to know that Plaintiffs, Plaintiffs' health care providers, and the general medical community did not have the ability to determine the true facts intentionally and/or negligently concealed and misrepresented by Defendants, and would not have prescribed and implanted same, if the true facts regarding the device had not been concealed and misrepresented by Defendants.

155.    Defendants had sole access to material facts concerning the defective nature of the product and its propensity to cause serious and dangerous side effects in the form of dangerous injuries and damages to persons who are implanted with the Gunther Tulip IVC Filter.

156.    At the time Defendants failed to disclose and misrepresented the foregoing facts, and at the time Plaintiffs used the Gunther Tulip IVC Filter, Plaintiffs and Plaintiffs' health care providers were unaware of said Defendants' negligent misrepresentations and omissions.

157.    Plaintiffs, Plaintiffs' health care providers and the general medical community reasonably relied upon misrepresentations and omissions made by Defendants where the concealed and misrepresented facts were critical to understanding the true dangers inherent in the use of the Gunther Tulip IVC Filter.

158.    As a direct and proximate result of the Plaintiffs and Plaintiffs' health care providers' reliance on the foregoing misrepresentations and omissions by Defendants, as described herein, Plaintiffs have suffered and will continue to suffer serious physical injuries, pain and

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

suffering, mental anguish, medical expenses, economic loss, loss of enjoyment of life, disability, and other losses, in an amount to be determined at trial.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

### COUNT VII
### FRAUD

159.    Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

160.    Prior to Plaintiffs' use of the Gunther Tulip IVC Filter and during the period in which Plaintiffs actually used the Gunther Tulip IVC Filter, Defendants fraudulently suppressed material information regarding the safety and efficacy of the Gunther Tulip IVC Filter, including information regarding increased adverse events, pre and post marketing deaths, and the high number of severe adverse event reports compared to other IVC filters and the need for monitoring for the safe and effective use of the Gunther Tulip IVC Filter.    Furthermore, Defendants fraudulently concealed the safety information about the use of the Gunther Tulip IVC Filter.    As described above, the Gunther Tulip IVC Filter has several well-known serious side-effects that are not seen in other IVC filters.    Plaintiffs believe that the fraudulent misrepresentation described herein was intentional to keep the sales volume of the Gunther Tulip IVC Filter strong.

161.    The Defendants falsely and fraudulently represented to the medical and healthcare community, and to the Plaintiffs, the FDA, and the public in general, that said product, the Gunther

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

Tulip IVC Filter, had been tested and was found to be safe and/or effective to reduce the risk of clotting injury.

162.    These representations were made by said Defendants with the intent of defrauding and deceiving the Plaintiffs, the public in general, and the medical and healthcare community in particular, and were made with the intent of inducing the public in general, and the medical and healthcare community in particular, to recommend, prescribe, implant and/or purchase said product, the Gunther Tulip IVC Filter, for use to reduce the risk of clotting injury, all of which evinced a callous, reckless, willful, depraved indifference to the health, safety and welfare of the Plaintiffs herein.

163.    At the time the aforesaid representations were made by the Defendants and, at the time the Plaintiffs used the Gunther Tulip IVC Filter, the Plaintiffs were unaware of the falsity of said representations and reasonably believed them to be true.

164.    In reliance upon said representations, Plaintiffs were induced to and did use the Gunther Tulip IVC Filter, thereby sustaining severe and permanent personal injuries.

165.    Said Defendants knew and were aware, or should have been aware, that the Gunther Tulip IVC Filter had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

166.    Defendants knew or should have known that the Gunther Tulip IVC Filter had a potential to, could, and would cause severe and grievous injury to the users of said product, and that it was inherently dangerous in a manner that exceeded any purported, inaccurate, and/or down-played warnings.

167.    Defendants brought the Gunther Tulip IVC Filter to the market, and acted fraudulently, wantonly and maliciously to the detriment of Plaintiffs.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

168.    Defendants fraudulently concealed the safety issues associated with the Gunther Tulip IVC Filter including the need for monitoring in order to induce physicians to prescribe and implant the Gunther Tulip IVC Filter and for patients, including Plaintiffs, to purchase and/or use the Gunther Tulip IVC Filter.

169.    At the time Defendants concealed the fact that the Gunther Tulip IVC Filter was not safe, Defendants were under a duty to communicate this information to Plaintiffs, physicians, the FDA, the healthcare community, and the general public in such a manner that they could appreciate the risks associated with using the Gunther Tulip IVC Filter.

170.    Defendants, at all times relevant hereto, withheld information from the FDA which they were required to report.

171.    Plaintiffs and the Plaintiffs' prescribing physicians relied upon the Defendants' outrageous untruths regarding the safety of the Gunther Tulip IVC Filter.

172.    Plaintiffs' prescribing and implanting physicians were not provided with the necessary information by the Defendants, to provide an adequate warning to the Plaintiffs.

173.    The Gunther Tulip IVC Filter was improperly marketed to the Plaintiffs and their prescribing and implanting physicians as the Defendants did not provide proper instructions about how to use the medical device and did not adequately warn about the Gunther Tulip IVC Filter's risks.

174.    As a direct and proximate result of Defendants' malicious and intentional concealment of material life-altering information from Plaintiffs and Plaintiffs' prescribing physicians, Defendants caused or contributed to Plaintiffs' injuries (and in some cases death).

175.    It is unconscionable and outrageous that Defendants would risk the lives of consumers, including Plaintiffs. Despite this knowledge, the Defendants made conscious decisions not to redesign, label, warn or inform the unsuspecting consuming public about the dangers

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

associated with the use of the Gunther Tulip IVC Filter. Defendants' outrageous conduct rises to the level necessary that Plaintiffs should be awarded punitive damages to deter Defendants from this type of outrageous conduct in the future and to discourage Defendants from placing profits above the safety of patients in the United States of America.

176.    Defendants' fraud also acted to conceal their malfeasance which actions tolled Plaintiffs' statute of limitations because only Defendants knew the true dangers associated with the use of the Gunther Tulip IVC Filter as described herein. Defendants did not disclose this information to the Plaintiffs, their prescribing and implanting physicians, the healthcare community and the general public. Without full knowledge of the dangers of the Gunther Tulip IVC Filter, Plaintiffs could not evaluate whether a person who was injured by the Gunther Tulip IVC Filter had a valid claim.

177.    Defendants widely advertised and promoted the Gunther Tulip IVC Filter as a safe and effective medical device and/or as a safe and effective means of reducing the risk of clotting injury.

178.    Defendants' advertisements and promotion regarding the Gunther Tulip IVC Filter falsely and misleadingly stated that monitoring was not necessary for safe and effective use of the product, misrepresentations Defendants knew to be false, for the purpose of fraudulently inducing consumers, such as Plaintiffs, to purchase and use such product. Plaintiffs relied on these material misrepresentations when deciding to purchase and use the Gunther Tulip IVC Filter.

179.    Defendants had a duty to disclose material information about serious side-effects to consumers such as Plaintiffs.

180.    Additionally, by virtue of Defendants' partial disclosures about the medical device, in which Defendants touted the Gunther Tulip IVC Filter as a safe and effective medical device, Defendants had a duty to disclose all facts about the risks associated with use of the medical device,

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

including the risks described in this Petition. Defendants intentionally failed to disclose this information for the purpose of inducing consumers, such as Plaintiffs, to purchase Defendants' dangerous product.

181.   Had Plaintiffs been aware of the hazards associated with the Gunther Tulip IVC Filter, Plaintiffs would have employed appropriate monitoring, used a different IVC filter with a better safety profile, or not have used the product that led proximately to Plaintiffs' injuries (including in some cases death).

182.   Upon information and belief, Plaintiffs aver that Defendants actively and fraudulently concealed information in Defendants' exclusive possession regarding the hazards associated with the Gunther Tulip IVC Filter, for the purpose of preventing consumers, such as Plaintiffs, from discovering these hazards.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## COUNT VIII
## MEDICAL MONITORING

183.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

184.   In certain cases, medical monitoring is required to evaluate whether a Gunther Tulip IVC Filter (or portions of the Gunther Tulip IVC Filter) has fractured, tilted and/or migrated (collectively referred to herein as "device failure" or "failure").   In order to determine whether failure of the Gunther Tulip IVC Filter has occurred, imaging studies must be performed. Typically, these imaging studies will include un-enhanced computed tomography scan (CT Scan)

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

so that the filter may be visualized.  CT Scan imaging produces an image of the filter and is able to reveal whether the filter has fractured or migrated.

185.    Patients requiring medical monitoring are recommended to undergo regular and frequent imaging studies of the device or portions of the device at least once or twice annually.  As long as the device, or portions of the device, remains within the body of the patient, the potential for future device failure exists.  Consequently, these patients require regular and frequent medical monitoring for the duration of time the device, or portions of the device, remain within their bodies.

186.    Patients eligible for medical monitoring for the Gunther Tulip IVC Filter or portions of the device need not have experienced past failure of the Gunther Tulip IVC Filter.  For example, patients who have undergone implant of the Gunther Tulip IVC Filter frequently learn that the Gunther Tulip IVC Filter cannot be removed due to the fact that it has "grown into" tissue, but, the fracture, tilt or migration of the device may not yet have occurred.  As a result of the inability to remove the Gunther Tulip IVC Filter, the device must remain permanently implanted in the patient, for the patient's lifetime.  Although these patients may not yet have experienced device failure, they are at risk for future device failure and require regular and frequent monitoring to evaluate the integrity of the Gunther Tulip IVC Filter.  In addition to the aforementioned imaging studies, endovascular intervention (typically cardiac catheterization) may also be used by medical professionals to diagnose or discover whether fractured portions of the Gunther Tulip IVC Filter System have migrated to the heart or lungs.  Furthermore, endovascular surgery may assess the nature and extent of the damage resulting from failure of the Gunther Tulip IVC Filter.

187.    In those instances where device fracture has occurred, and depending on the circumstances particular to the patient, a person may be required to undergo one or all of the following medical procedures:

a.    CT Scanning or other imaging studies;

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

b.      Cardiac Catheterization;

c.      Open heart surgery;

d.      Removal of the Gunther Tulip IVC Filter from the vena cava.

188.    The Gunther Tulip IVC Filter was placed in Plaintiffs' bodies.  Plaintiffs have incurred medical expenses and has endured physical pain and suffering, mental anguish, loss of enjoyment of life, and other losses, some of which are permanent in nature.   As a result of the failure of the Gunther Tulip IVC Filter, Plaintiffs have become impaired and will remain so in the future.  The defective Gunther Tulip IVC Filters remain in Plaintiffs' bodies.  Plaintiffs are required to attend regular physicians' visits and to undergo imaging studies.

189.    As a direct and proximate result of the conduct and defective product of the Defendants, as alleged in this Petition, Plaintiffs has incurred medical expenses, and will continue to incur substantial medical expenses into the future.

190.    As a direct and proximate result of the conduct and defective product of the Defendants, as alleged in this Petition, medical monitoring is necessary for Plaintiffs.  Medical monitoring includes.

a.      Regularly scheduled CT scans or other appropriate imaging studies; and/or

b.      Potential cardiac catheterization or other endovascular procedure to detect the presence of migrated pieces of the Gunther Tulip IVC Filter System; and/or Physicians' visits and examinations.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

## COUNT X
## PUNITIVE DAMAGES

191.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

192.   The acts, conduct, and omissions of Defendants, as alleged throughout this Petition were willful and malicious.  Defendants committed these acts with a conscious disregard for the rights, health and safety of Plaintiffs and other Gunther Tulip IVC Filter users and for the primary purpose of increasing Defendants' profits from the sale and distribution of the Gunther Tulip IVC Filter. Defendants' outrageous and unconscionable conduct warrants an award of exemplary and punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

193.   Prior to the manufacturing, sale, and distribution of the Gunther Tulip IVC Filter, Defendants knew that said products were in a defective condition as previously described herein and knew that those who were prescribed and implanted with the medical device would experience and did experience severe physical, mental, and emotional injuries. Further, Defendants, through their officers, directors, managers, and agents, knew that the products presented a substantial and unreasonable risk of harm to the public, including Plaintiffs and as such, Defendants unreasonably subjected consumers of said drugs to risk of injury or death from using the Gunther Tulip IVC Filter.

194.   Despite their knowledge, Defendants, acting through their officers, directors and managing agents for the purpose of enhancing Defendants' profits, knowingly and deliberately failed to remedy the known defects in the Gunther Tulip IVC Filter and failed to warn the public, including Plaintiffs, of the extreme risk of injury occasioned by said defects inherent in the Gunther Tulip IVC Filter.  Defendants and their agents, officers, and directors intentionally proceeded with

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

the manufacturing, sale, and distribution and marketing of the Gunther Tulip IVC Filter knowing these actions would expose persons to serious danger in order to advance Defendants' pecuniary interest and monetary profits.

195.    Defendants' conduct was despicable and so contemptible that they would be looked down upon and despised by ordinary decent people, and was carried on by Defendants with willful and conscious disregard for the safety of Plaintiffs, entitling Plaintiffs to exemplary damages.

**WHEREFORE**, the Plaintiffs pray for judgment against Defendants, each of them, in an amount in excess of $25,000.00, for costs expended herein, and for such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against the Defendants on each of the above-referenced claims and Causes of Action and as follows:

1.    Awarding compensatory damages in excess of $25,000.00, including, but not limited to pain, suffering, emotional distress, loss of enjoyment of life, and other non-economic damages in an amount to be determined at trial of this action;

2.    Awarding economic damages in the form of medical expenses, out of pocket expenses, lost earnings and other economic damages in an amount to be determine at trial of this action;

3.    Punitive and/or exemplary damages for the wanton, willful, fraudulent, reckless acts of the Defendants who demonstrated a complete disregard and reckless indifference for the safety and welfare of the general public and to the Plaintiffs in an amount sufficient to punish Defendants and deter future similar conduct;

4.    Prejudgment interest;

5.    Postjudgment interest;

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

6.      Awarding Plaintiffs reasonable attorneys' fees when applicable;

7.      Awarding Plaintiffs the costs of these proceedings; and

8.      Such other and further relief as this Court deems just and proper.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By:     /s/ Mark R. Niemeyer
        Mark R. Niemeyer      #42437
        David L. Grebel       #52683
        Michael S. Kruse      #57818
        10 S. Broadway, Suite 1125
        St. Louis, MO  63102
        314-241-1919 phone
        314-665-3017 fax
        niemeyer@ngklawfirm.com
        grebel@ngklawfirm.com
        kruse@ngklawfirm.com

Ben C. Martin
**The Law Offices of Ben C. Martin**
3219 McKinney Ave., Suite 100
Dallas, TX  75204
(214) 761-6614 phone
(214) 744-7590 fax
bmartin@bencmartin.com

and

David P. Matthews
**Matthews & Associates**
2509 Sackett St.
Houston, TX  77098
(713) 522-5250 phone
(713) 535-7184 fax
dmatthews@thematthewslawfirm.com

*Attorneys for the Plaintiffs*

EXHIBIT 1

Electronically Filed - City of St. Louis - May 03, 2016 - 03:45 PM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of May, 2016, the foregoing document was filed electronically with the Clerk of the Court using the e-filing system, which will send notification of such filing to all counsel of record.

*/s/ Mark R. Niemeyer*

EXHIBIT 1